**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

**Civil Division**

RECEIVED
Civil Clerk's Office

JUN 1 2 2012

Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| Dr. Mark R. Geier | * |
| 1800 S.E. Ranch Road | |
| Jupiter, Florida 33478 | * |
| | |
| and | * |
| | |
| David A. Geier | * |
| 1800 S.E. Ranch Road | |
| Jupiter, Florida 33478 | * |
| | |
| Plaintiffs, | * |
| | |
| v. | * |
| | |
| Lommen, Abdo, Cole, King & | * |
| Stagberg, P.A. | |
| 2000 IDS Center | * |
| 80 South Eighth Street | |
| Minneapolis, MN 55402 | * |
| | |
| and | * |
| | |
| John H. Kim & Associates, P.C., | * |
| 4309 Yoakum Blvd., Suite 2000 | |
| Houston, TX 77006-5587 | * |
| | |
| and | * |
| | |
| Conway, Homer & Chin-Caplan, | * |
| 16 Shawmut Street | |
| Boston, MA 02116-5408 | * |
| | |
| and | * |

0004970-12

Case No. _____

**JURY TRIAL DEMANDED**

Williams, Kherkher, Hart and Boundas     \*
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001,                  \*

        Defendants.                  \*

## COMPLAINT

**COMES NOW** Plaintiffs, DR. MARK R. GEIER and MR. DAVID A. GEIER, by and

through their attorney, James R. Klimaski, and asserts this Complaint and the claims stated

therein against the following Defendants:  LOMMEN, ABDO, COLE, KING & STAGBERG,

P.A.; JOHN H. KIM & ASSOCIATES, P.C.; CONWAY, HOMER & CHIN-CAPLAN; and

WILLIAMS, KHERKHER, HART AND BOUNDAS, and in support thereof, state as follows:

### THE PARTIES

1.    Plaintiff, DR. MARK R. GEIER, hereinafter referred to as "DR. GEIER," is an

individual residing at 1800 S.E. Ranch Road, Jupiter, Florida 33478.

2.    Plaintiff, DAVID A. GEIER, hereinafter referred to as "MR. GEIER," is an

individual residing at 1800 S.E. Ranch Road, Jupiter, Florida 33478.  (DR. GEIER AND MR.

GEIER are sometimes collectively referred to herein as "the GEIERS")

3.    Plaintiffs are informed and believe, and on that basis allege, that  Petitioners'

Steering Committee, National Vaccine Injury Compensation Program Autism Omnibus

Proceeding (hereinafter referred to as "PSC"), is and/or was a judicially-created organization of

attorneys and law firms representing individuals who filed claims against the United States

Secretary of Health and Human Services in the U.S. Vaccine Court.

4.    Plaintiffs are informed and believe, and on that basis allege, that Defendant, LOMMEN, ABDO, COLE, KING & STAGBERG, P.A., (hereinafter, "LOMMEN") is a law firm and a member or former member of the PSC. LOMMEN also represented one or more of the individuals who filed claims in the Vaccine Court.  LOMMEN has a principal place of business at 2000 IDS Center 80 South Eighth Street in Minneapolis, Minnesota 55402.

5.    Plaintiffs are informed and believe, and on that basis allege, that at all relevant times herein mentioned, Defendant LOMMEN was a member of, and agent or representative for, the PSC.

6.    Plaintiffs are informed and believe, and on that basis allege, that Defendant, JOHN H. KIM & ASSOCIATES (hereinafter, "KIM") is a law firm and is or was a member of the PSC. KIM also represented one or more of the individuals who filed claims in the Vaccine Court. KIM has a principal place of business at 4309 Yoakum Blvd., Suite 2000, in Houston, Texas 77006-5587.

7.    Plaintiffs are informed and believe, and on that basis allege, that at all relevant times herein mentioned, Defendant KIM was a member of, and an agent or representative for, the PSC.

8.    Plaintiffs are informed and believe, and on that basis allege, that Defendant, CONWAY, HOMER, & CHIN-CAPLAN ("hereinafter, "CONWAY")  is a law firm and is or was a member of the PSC.  CONWAY also represented one or more of the individuals who filed claims in the Vaccine Court.  CONWAY has a principal place of business at 16 Shawmut Street, Boston, Massachusetts 02116-5408.

9.    Plaintiffs are informed and believe, and on that basis allege, that at all relevant times herein mentioned, Defendant CONWAY was an agent or representative of the PSC, and in doing those things hereinafter alleged, was a member of, and an agent or representative for, the PSC.

10.   Plaintiffs are informed and believe, and on that basis allege, that Defendant, WILLIAMS, KHERKHER, HART AND BOUNDAS (hereinafter, "WILLIAMS KHERKHER," is a law firm and is or was a member of the PSC.  WILLIAMS KHERKHER also represented one or more of the individuals who filed claims in the Vaccine Court.  WILLIAMS KHERKHER has a principal place of business at 8441 Gulf Freeway, Suite 600, in Houston, Texas 77017-5001.

11.   Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, Defendant WILLIAMS KHERKHER was a member of, and an agent or representative for, the PSC.

12.   The Superior Court of the District of Columbia has jurisdiction over this cause of action in that the Vaccine Court litigation from which the Plaintiffs' claims arise was conducted in Washington, D.C.

## COUNT ONE
## BREACH OF WRITTEN CONTRACT

13.   Plaintiffs hereby incorporate paragraphs 1 through 12 by reference and request that they be made a part hereof.

14.   Plaintiff DR. GEIER is a physician engaged in the practice of medicine, a medical researcher, and an expert consultant and witness.  DR. GEIER is well known in his field of expertise and has provided expert testimony on many occasions.

15.   Plaintiff MR. GEIER is an individual who is engaged in the business of helping to provide healthcare services, is a medical researcher, and provides expert consultative services.

16.   The PSC was and is not properly characterized as a joint venture or joint enterprise or any other legally cognizable organization (*e.g.*, corporation, partnership, limited liability

company, etc.) that can properly be a party to or perform a contract.  Each of the Defendants is and was a member of the judicially-created PSC.

17.   Sometime during the latter part of 2003, DR. GEIER was visited at his home, then in Maryland, by various members of the PSC.  The PSC informed DR. GEIER that the PSC wanted to hire him for consulting services and other related services such as providing expert witness testimony on behalf of one or more clients who were contemplating litigation, or who were already involved as litigants, in the U.S. Vaccine Court.  On or about September 18, 2003, DR. GEIER, and the PSC entered into a Consulting Agreement whereby DR. GEIER agreed to provide consulting services to the PSC pursuant to certain agreed terms.  [Consulting Agreement, Plaintiffs' Exhibit 1, incorporated herein]

18.   The 2003 Consulting Agreement provided, *inter alia*, that the PSC "….shall be responsible for payment to Geier [DR. GEIER] and that payment is due to Geier on a timely basis regardless of the timing or outcome of any settlement, litigation or contemplated litigation."

19.   The Defendants intended that the designation of "the PSC" on the contract was merely an efficient way of referring to all of the members of the PSC, including all Defendants herein.

20.   The 2003 Consulting Agreement referenced above further provided for the amount of compensation the Defendants would pay DR. GEIER for work performed by him.  DR. GEIER thereafter submitted invoices to the PSC and was paid for most (but not all) of these invoices.

21.   On or about October 8, 2004, Plaintiffs the GEIERS signed a written amendment to the 2003 agreement, drafted by members of the PSC, entitled "Expert Consulting Agreement"

(hereinafter "2004 Amendment"). [Expert Consulting Agreement, Plaintiffs' Exhibit 2, incorporated herein] At the time that the GEIERS signed the 2004 Amendment, the Defendants represented to Plaintiffs that, going forward, the PSC could not afford to pay Plaintiffs on a monthly basis. However, the Defendants assured the GEIERS that payment under the 2003 Consulting Agreement and the 2004 Amendment would be deferred until such time as the Vaccine Court decided the PSC's fee application that would later be submitted to the Vaccine Court. The Defendants further assured the GEIERS that the payment of their fees was not contingent, and that the Defendants would pay the Plaintiffs their fees at the time set forth in the Consulting Agreement and the 2004 Amendment thereto. No other expert or consultant retained by the PSC was required to defer his or her fees.

22. In the 2004 Amendment to the 2003 Consulting Agreement, the Defendants further agreed to compensate Plaintiff, DR. GEIER, for "work done under the Vaccine Compensation Act" at the rate of $250.00 per hour for reading time and time spent in DR. GEIER's home or office and $300.00 per hour for time spent away including travel and work time, but excluding sleep time. The Defendants further agreed to pay Plaintiff $400.00 per hour for time spent giving depositions or other testimony and to reimburse DR. GEIER for all expenses incurred. The Defendants further agreed to pay DR. GEIER $55.00 per hour for secretarial support time.

23. The Defendants also agreed to pay DR. GEIER for work done in civil litigation at the rate of $325.00 per hour for reading time and time spent in Plaintiffs' home or office and $400.00 per hour for time Plaintiff spent away including travel and work time but excluding sleep time.

24. The 2004 Amendment was signed by Michael Williams, a representative of the PSC and all Defendants herein. [*See* Plaintiffs' Exhibit 2]

25. The GEIERS submitted invoices for services rendered under the 2004 Amendment on an ongoing and timely basis while continuing to provide consulting services to the PSC, but none of those invoices were paid.

26. The combined outstanding balance owed under the 2003 Consulting Agreement and the 2004 Amendment is approximately Six Hundred Thousand Dollars ($600,000.00). Despite Plaintiffs' demand for payment, the Defendants refuse to pay the GEIERS as agreed.

27. The Defendants materially breached their contract with DR. GEIER and MR. GEIER, by failing to pay them pursuant to the terms of the contract.

**WHEREFORE,** Plaintiffs, DR. GEIER and MR. GEIER, demand judgment against the Defendants jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00), plus prejudgment interest at the rate of six percent (6%) per annum on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

**COUNT TWO**
**BREACH OF CONTRACT**
**(Liability for Defendants as Joint Venturers or Member of a Joint Enterprise)**

28. Plaintiffs hereby incorporate paragraphs 1 through 27 by reference and request that they be made a part hereof.

29. Alternatively, the PSC is and was a joint venture or joint enterprise, either in fact or by estoppel. Specifically, the law firms and attorneys who formed the PSC joined together for the common interest of representing nearly 5,000 petitioners who alleged that vaccines administered to them as children caused autism and inflicted damages that are compensable under the Vaccine Act. One of the PSC's tasks was to organize and present a series of "test cases" demonstrating a general causation theory that the vaccines were linked to the petitioners'

autism, which could then be used by the remaining petitioners to prosecute their claims. The members of the PSC, including the Defendants herein, worked together to complete discovery, enter into necessary contracts, hire and consult with expert witnesses, participate in meetings with the Vaccine Court, prepare pleadings to the Vaccine Court, present the test cases, and, in some instances appeal the test cases. Members of the PSC, including Defendants herein, participated in regular status conferences during the course of the proceedings in the Vaccine Court. In addition, the PSC established an independent account into which PSC member law firms deposited funds for the payment of expenses deemed "shared" or for the "common benefit" of its members. Members were required to seek the approval of the PSC prior to allocating funds for those expenses. One of these "shared" costs included the expense of maintaining an office in Washington D.C. for use by members of the PSC. Ultimately, the PSC members worked together to jointly petition the Vaccine Court for the payment of their attorney fees and reimbursement of the costs expended in support of the PSC's common purpose.

30. Agents of the PSC represented to Plaintiffs the purpose of the PSC, Defendants' membership in the organization, and the organization's ability to pay for the GEIERS' services under the contract. Plaintiffs relied on these representations when entering into the initial contract with the PSC. Plaintiffs further relied on these representations and their dealings with the PSC and its members when they signed the 2004 Amendment.

31. Each of the Defendants is a member of, or joint venturer in, the PSC. The Defendants, as members of the PSC, are therefore jointly and severally liable to the GEIERS for the obligations of the PSC.

32. Plaintiff DR. GEIER submitted invoices for services rendered under the 2003 Consulting Agreement but was paid for some, but not all, of these services.

33.  The GEIERS submitted invoices for services rendered under the 2004 Amendment on an ongoing and timely basis while continuing to provide consulting services to the PSC, but none of those invoices were paid.

34.  The combined outstanding balance owed under the 2003 Consulting Agreement and the 2004 Amendment is approximately Six Hundred Thousand Dollars ($600,000.00).  Despite Plaintiffs' demand for payment, the PSC refuses to pay the GEIERS as agreed.

35.  The PSC materially breached its contract with DR. GEIER and MR. GEIER, by failing to pay them pursuant to the terms of the contract.

36.  As joint venturers or members of a joint enterprise, each of the Defendants is liable to the GEIERS for the breach of contract committed by the PSC.

**WHEREFORE,** Plaintiffs, DR. GEIER and MR. GEIER, demand judgment against the Defendants jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00), plus prejudgment interest at the rate of six percent (6%) per annum on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

## COUNT THREE
## RATIFICATION OF WRITTEN CONTRACT

37.  Plaintiffs hereby incorporate paragraphs 1 through 36 by reference and request that they be made a part hereof.

38.  Alternatively, the PSC is not properly characterized as a joint venture or joint enterprise or any other legally cognizable organization (*e.g.*, corporation, partnership, limited liability company, etc.) that can properly be a party to or perform a contract.  Each of the Defendants is and was a member of the judicially-created PSC.

39. Each of the Defendants knew that the PSC had contracted with the GEIERS for expert consulting services on behalf of the members of the PSC and took no steps to disavow said contract. Moreover, each of the Defendants contributed funds to the PSC so that it could partially perform the contract with the GEIERS by paying some invoices submitted to the PSC by the GEIERS. In so doing, each of the Defendants ratified the PSC's contract as its own and is liable for any breach thereof. The Defendants breached the contract by failing to pay the GEIERS the amounts due thereunder.

**WHEREFORE,** Plaintiffs, DR. GEIER and MR. GEIER, demand judgment against the PSC DEFENDANTS jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00), plus prejudgment interest at the rate of six percent (6%) per annum on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

## COUNT FOUR
## BREACH OF IMPLIED CONTRACT

40. Plaintiffs, DR. GEIER and MR. GEIER, incorporate paragraphs 1 through 39, inclusive, by reference and requests that they be made a part hereof.

41. Each of the Defendants knew that the PSC was not a joint venture, joint enterprise, or other form of legally recognized entity that could be a party to or perform a contract. In designating "the PSC" as the party to the 2003 contract and the 2004 amendment thereto, the Defendants were implicitly entering into a contract on their own behalf.

42. Plaintiff DR. GEIER submitted invoices for services rendered under the 2003 Consulting Agreement but was not paid for all of these services.

43.  The GEIERS submitted invoices for services rendered under the 2004 Amendment on an ongoing and timely basis while continuing to provide consulting services to the PSC, but none of those invoices were paid.

44.  The combined outstanding balance owed under the 2003 Consulting Agreement and the 2004 Amendment is approximately Six Hundred Thousand Dollars ($600,000.00).  Despite Plaintiffs' demand for payment, the Defendants refuse to pay the GEIERS as agreed.

45.  The Defendants materially breached their contract with DR. GEIER and MR. GEIER, by failing to pay them pursuant to the terms of their implied contract.

**WHEREFORE,** Plaintiffs, DR. GEIER and MR. GEIER, demand judgment against the Defendants jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00), plus prejudgment interest at the rate of six percent (6%) per annum on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

## COUNT FIVE
## UNJUST ENRICHMENT

46.  Plaintiffs, DR. GEIER and MR. GEIER, incorporate paragraphs 1 through 45, inclusive, by reference and requests that they be made a part hereof.

47.  The GEIERS conferred a benefit upon the PSC and its members, including the Defendants herein.

48.  The Defendants knew about and acknowledged the benefit conferred by Plaintiffs, the GEIERS.

49.  The Defendants herein accepted and retained the benefit conferred by the GEIERS under such circumstances as to make it inequitable for them to retain the benefit without payment of its value.

50.  Plaintiffs, DR. GEIER and MR. GEIER, have suffered compensatory damages, plus interest and the costs of this suit by virtue of the uncompensated work they performed and the considerable unjust enrichment bestowed upon the Defendants.

**WHEREFORE,** Plaintiffs, DR. GEIER and MR. GEIER, demand judgment against the Defendants jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00), plus prejudgment interest at the rate of six percent (6%) per annum on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

## COUNT SIX
## JOINT AND SEVERAL LIABILITY FOR PROFESSIONAL NEGLIGENCE

51.  Plaintiffs, DR. GEIER and MR. GEIER, incorporate paragraphs 1 through 50, inclusive, by reference and request that they be made a part hereof.

52.  In the alternative, Defendants disclosed their position for the first time in September 2009 that the PSC did not owe a contractual duty to pay the invoices submitted by the Plaintiffs. Instead , the Defendants agreed to represent the GEIERS in recovering compensation for these invoices from the Vaccine Court.  Indeed, Michael Williams and Thomas Powers, partners in the Williams Love law firm, which was a member of the PSC, prepared a fee application and sought to recover from the Vaccine Court the fees owed by the PSC to the GEIERS.  These lawyers counseled the GEIERS and filed briefs and other Court documents on the GEIERS' behalf.  The GEIERS did not agree with the PSC's interpretation of the 2003 Contract (as amended in 2004),

but temporarily acquiesced in the attempt to recover these fees from the Vaccine Court as a

preferable alternative to litigating with the PSC and its member law firms.

53.  In late 2006 or early 2007, Defendants were aware of their obligations to represent

the GEIERS by filing a fee application with the Vaccine Court and to advocate the recovery of

the GEIERS' fees as attorneys for the GEIERS.  They were also aware that they would soon

disclose to the GEIERS that the GEIERS' sole recourse for recovering their fees was through a

fee application filed with the Vaccine Court.

54.  Representatives of the PSC did undertake to represent the GEIERS.  Michael

Williams and Thomas Powers of Williams Love filed a fee application, briefs, and other papers

with the Vaccine Court on behalf of the GEIERS.  The GEIERS were counseled by these

representatives concerning the invoices entries that would be submitted and those that would not

be submitted.  Despite clear conflicts of interest, these representatives were fully aware that an

attorney-client had been formed with the GEIERS and that they were advocating a recovery for

the GEIERS.  In a July 2009 email, Williams and Powers informed the GEIERS that they "have

undertaken a vigorous defense of [your] work…."  They explained the arguments made on

behalf of the GEIERS's behalf in response to the DOJ's objections and provide their "legal

judgment" on which arguments are better to make to the Vaccine Court on behalf of the

GEIERS.  Williams and Powers further state that "[n]otwithstanding these critiques of your work

product and the previously identified problems with some of the rejected invoices, we continue

to defend your entitlement to the fees submitted on your behalf in the interim fee petition.  We

will supplement our defense of your fees with the materials described above, and will keep you

advised of progress on the resolution of your fee claim…"  *Id.*  Almost one year later, Powers

again acknowledged his relationship with the GEIERS as their attorney when he threatened to

withdraw as their attorney. Mr. Powers's email states, "[b]eyond that, it appears that we no longer have a relationship based on trust or respect and we therefore are not the best lawyers to pursue your claimed fees and costs beyond the supplemental filing we plan to submit very soon….You may want to avail yourselves of that option going forward—either submitting additional material pro se, or retaining another attorney to submit them for you…."

55.    In 2007, Defendants inquired whether the Vaccine Court would compensate experts for the type of project that the PSC had hired the GEIERS to complete. Defendants learned that the Court would *NOT* compensate experts for this work. As attorneys who had agreed to represent the GEIERS, Defendants had a fiduciary and professional duty to disclose this information to the GEIERS but failed to do so.   As a result, the GEIERS unwittingly continued to work on the projects assigned to them by the PSC. Defendants knew there was little if any chance that the Vaccine Court would compensate the GEIERS for this work, but they did not advise the GEIERS of the Vaccine Court's ruling nor advise the GEIERS that they should discontinue to work on the projects assigned to them.

56.    The PSC representatives who represented the GEIERS in the recovery of their fees owed the GEIERS the duty of exercising the reasonable care and skill that reasonably competent attorneys would exercise in the same or similar circumstances. This duty includes, but is not limited to, a duty to represent the GEIERS diligently and zealously and the duty to avoid preventable harm to their legal rights and interests. Despite this duty, the PSC attorneys representing the GEIERS failed to properly and adequately advocate the GEIERS' interests. These attorneys also had a duty to avoid conflicts of interest, and to the extent that conflicts of interest existed, should have obtained the written permission of the GEIERS to proceed with their representation after full disclosure and discussion of those conflicts. Despite the existence

-14-

of a substantial conflicts of interest, these PSC attorneys did not provide the GEIERS with full disclosure and did not obtain their written permission to proceed with the representation of the GEIERS in the recovery of their fees and costs from the Vaccine Court. Instead, these attorneys proceeded to represent the GEIERS, acting in a manner that was in derogation of the GEIERS' legal rights and best interests in deference to the best interests of their Vaccine Court clients. As an example, the PSC and its representatives notified the Court of their decision to replace the GEIERS with a team headed by Dr. Phillippe Grandjean to perform the same or similar work that the GEIERS had been hired to perform. When the test cases proceeded to trial, these attorneys , acting on behalf of the PSC and one or more claimants, called Dr. Greenland and others to testify, but did not call the GEIERS to testify. Based on these decisions, any realistic opportunity for the GEIERS' to obtain a recovery from the Vaccine Court was lost. Moreover, Dr. Greenland was openly critical of the GEIERS' work during his testimony, which further diminished the importance and necessity of the GEIERS' work in the eyes of the Vaccine Court. Indeed, the PSC and its representatives knew of Dr. Greenland's previous criticisms of the GEIERS' work, yet persisted in calling him to testify at trial.

57.   Thereafter, the PSC and its representatives undertook to represent the GEIERS in recovering their fees and costs from the Vaccine Court by requesting and advocating payment for the GEIERS in the PSC's fee application. During this process, the PSC and its representatives filed completely inadequate briefs and pleadings with the Vaccine Court related to the request for the recovery of fees. The PSC and its representatives frequently ignored requests from the GEIERS to provide information to them concerning the proceedings and the fee application. The PSC and its representatives further ignored repeated requests that the fee application and other documents filed on behalf of the GEIERS be approved by the GEIERS.

The PSC and its representatives failed to competently address a number of important objections

lodged in opposition to the GEIERS' fee application by the Respondent in the Omnibus Autism

Proceedings.

58.   As a result of the incompetent representation provided by the PSC and its

representatives, the bulk of the GEIERS' requested fees and costs were denied by the Vaccine

Court, even though the Special Master awarded more than $1,000,000 for other cost

reimbursement to the PSC and awarded the PSC law firms the majority of their requested

attorneys' fees.

59.   Following the nearly complete denial of the GEIERS's fee application and the

reaffirmation of this decision following review by a different Special Master who remanded the

matter for further consideration, the PSC and its representatives refused to appeal the Vaccine

Court's Order, despite an express request by the GEIERS to do so, effectively ending the

GEIERS' ability to recover the denied fees and costs.

60.   The acts and omissions of the PSC and its representatives in representing the

GEIERS did not meet the prevailing standard of care for attorneys and resulted in the denial of

the vast majority of the claims for the recovery of fees and costs associated with work performed

by the GEIERS.  The aforementioned acts and omissions by the PSC and its representatives were

the direct and proximate cause of the damages incurred by the GEIERS.

61.   The Vaccine Court did award $33,130.55 for the consulting services performed by

DR. GEIER.  The Vaccine Court entered its order awarding this amount on December 13, 2010.

62.   The PSC also refused to file a supplemental fee request with the Vaccine Court on

behalf of the GEIERS, which would have enabled the GEIERS to recover those costs and fees

incurred after the Interim Fee Petition was filed in 2008.  This refusal resulted in the forfeiture of

-16-

payment for all costs incurred and work performed by the GEIERS on behalf of the PSC after July 21, 2008.

63.  The PSC attorneys representing the GEIERS breached their legal duty to the GEIERS by failing to adequately, properly, and zealously represent them in obtaining their fees from the Vaccine Court.

64.  As members of the PSC, Defendants are jointly and severally liable for the professional negligence committed by the PSC representatives.

**WHEREFORE,** Plaintiffs, DR. MARK R. GEIER and MR. DAVID A. GEIER, demand judgment against Defendants in an amount of SIX HUNDRED THOUSAND DOLLARS ($600,000.00), plus prejudgment interest at the statutory rate on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

## COUNT SEVEN
## CIVIL CONSPIRACY FOR FRAUD

65.  Plaintiffs, DR. GEIER and MR. GEIER, incorporate paragraphs 1 through 64, inclusive, by reference and request that they be made a part hereof.

66.  Alternatively, at the time that the 2003 Contract and the 2004 Amendment thereto were signed, Michael Williams and Kathleen Dailey, partners in Williams Love, knew that the PSC was not a legally recognized organization (*e.g.*, corporation, partnership, limited liability company, etc.) that could be a party to and perform a contract.  By naming the PSC as the party to the contract, Attorneys Williams and Dailey knew that the Geiers would have no means to enforce the contract against the members of the PSC to collect their consulting fees.  In 2004, Williams then convinced the GEIERS to agree to the deferral of their fees for several years until

such time as the PSC could file a fee application so that the Defendants could obtain the benefits of the GEIERS' work without incurring the legal obligation to pay for it.

67. Williams' representations and inducements, described above, were intended to and did deceive the GEIERS into performing hundreds of hours of consulting services with no realistic or feasible means of recovering their fees. The GEIERS reasonably relied on Williams' and Dailey's representation that the PSC was a legally cognizable entity that had legal standing to be a party to and perform a contract.

68. At all relevant times herein, Williams and Dailey were acting as representatives and agents for the Defendants.

69. The Defendants herein colluded with Williams to commit the various fraudulent and wrongful acts and omissions, as described herein. As a direct and proximate result of this civil conspiracy, Plaintiffs have suffered compensatory damages in the approximate amount of $600,000.00.

70. The Defendants acted deliberately and with the malicious intention of injuring the GEIERS to benefit themselves. Plaintiffs should receive an award of punitive damages in an amount to be determined by the trier of fact in order to punish the Defendants and deter similar wrongful acts by others.

**WHEREFORE,** Plaintiffs, DR. MARK R. GEIER and MR. DAVID A. GEIER, demand judgment against Defendants in an amount of SIX HUNDRED THOUSAND DOLLARS ($600,000.00), plus prejudgment interest at the statutory rate on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief, including an award of punitive damages, as this Court deems reasonable and appropriate.

## COUNT EIGHT
## BREACH OF IMPLIED WARRANTY

71.    Plaintiffs, DR. GEIER and MR. GEIER, incorporate paragraphs 1 through 70, inclusive, by reference and request that they be made a part hereof.

72.  The Defendants knew that the PSC was designated as the party to the 2003 contract and the 2004 amendment thereto.  The Defendants also knew that the PSC was not a legally cognizable organization that could enter into and perform a contract.  Nevertheless, Defendants allowed the GEIERS to provide services over a period of years without ever disclosing to the GEIERS the fact that the PSC was not a legally cognizable organization.

73.    As a direct and proximate cause of the Defendants' breach of implied warranty, Plaintiffs have suffered compensatory damages in the approximate amount of $600,000.00.

**WHEREFORE,** Plaintiffs, DR. MARK R. GEIER and MR. DAVID A. GEIER, demand judgment against Defendants in an amount of SIX HUNDRED THOUSAND DOLLARS ($600,000.00), plus prejudgment interest at the statutory rate on the outstanding balance until judgment, plus the costs of this suit, and for such other and further relief as this Court deems reasonable and appropriate.

Respectfully submitted,

**KLIMASKI & ASSOCIATES, P.C.**

June 11, 2012

James R. Klimaski, #243543
Klimaski and Associates, PC
1625 Massachusetts Avenue NW
Suite 500
Washington, DC 20036-2245
202-296-5600        Fax: 202-296-5601
Klimaski@Klimaskilaw.com

*Local Counsel to Plaintiffs*

-19-

**TITUS HILLIS REYNOLDS LOVE
DICKMAN & McCALMON, PC**

June 11, 2012

_James M. Love_ (signature)

James M. Love
(Admission *Pro Hac Vice* Pending)

Titus Hillis Reynolds Love
  Dickman & McCalmon, PC
3700 First Place Tower
15 East Fifth Street
Tulsa, OK  74103
918-587-6800          Fax 918-587-6822

*Counsel to Plaintiffs*

### DEMAND FOR JURY TRIAL

Plaintiffs MARK R. GEIER and DAVID A. GEIER hereby demand a jury trial in

connection with each and every Count in their Complaint.

James R. Klimaski
Bar no. 243543

-20-

Sep 12 03 08:16a                                                                    p.2

## Dr. Mark R. Geier

14 Redgate Court...Silver Spring, MD 20905...Phone (301) 989-0548...Fax (301) 989-1543...E-mail
mgeier@comcast.net

### CONSULTING AGREEMENT

This Consulting Agreement ("Agreement"), made this ___18___ day of _____
___Sept_____, 2003, by and between Dr. Mark R. Geier, an individual whose
residence address is: 14 Redgate Court, Silver Spring, Maryland 20905, trading as Dr. Mark R.
Geier, Medical/Legal Consultant (hereinafter referred to as "Geier") and _PSC NVICP Omnibus_
_Proceeding_, principal place of business at _Williams Love Oleary_
_Powers et al_
(hereafter referred to as "LawFirm").

### RECITALS

Whereas, Geier is in the business of providing consulting services in various medical
fields to attorneys and law firms who are representing clients contemplating litigation or involved
in litigation, and

Whereas, LawFirm is representing a client(s) who is current in such a posture, and

Whereas, LawFirm desires to retain Geier for consulting and/or other related services
(such as for providing expert testimony), and Geier is willing to be retained on the terms and
conditions contained herein,

NOW THEREFORE, Geier and LawFirm agree as follows:

1.  **Recitals.**
    The above recitals are made a substantive part hereof.

2.  **Services to be performed by Geier.** _Obtaining and evaluating_
    (a)    Read and evaluate medical reports; _VSD TII screening data,_
    (b)    Provide LawFirm with his opinion on medical matters; _obtaining medical_
    (c)    Read and evaluate transcripts of court proceedings, depositions, to testify at trial
           and the like. Perform other services to the LawFirm as mutually agreed upon. _scientific literature as defined by client as need_

3.  **Payment by LawFirm.**
    (a)    LawFirm expressly covenants and agrees that LawFirm and not the client shall be
           responsible for payment to Geier, and that payment is due to Geier on a timely
           basis regardless of the timing or outcome of any settlement, litigation or
           contemplated litigation.
    (b)    LawFirm agrees to compensate Geier at the following rates and/or schedule.

    For work done under the Vaccine Compensation Act:

    •    $250.00 per hr. for reading time and time spent in Geier's home or office.
    •    $300.00 per hr. for time spend away including travel and work time but
         excluding sleep time.

```
EXHIBIT

1
```

- $400.00 per hr for time spent giving deposition or other testimony and to reimburse Geier for all expenses incurred.
- $55.00 per hr. for secretarial support time.

**For work done for civil litigation:**

- $325.00 per hr. for reading time and time spent in Geier's home or office.
- $400.00 per hr. for time spend away including travel and work time but excluding sleep time.
- $500.00 per hr for time spent giving deposition or other testimony and to reimburse Geier for all expenses incurred.
- $55.00 per hr. for secretarial support time.

    (c)    Geier shall invoice LawFirm on a monthly basis. Payments shall be due within thirty (30) days of invoice. Accounts that have a balance remaining unpaid after thirty (30) days will accrue interest at the rate of one and one half percent ( 1 ½%) per month on the unpaid balance.

    (d)    Payments shall be applied first to interest and then to principal.

4.    **Venue.**

LawFirm consents to the jurisdiction of and agrees that venue shall be proper in either the district Court of Montgomery County, Maryland or the Circuit Court for Montgomery County, Maryland.

5.    **Miscellaneous.**

    (a)    This Agreement shall be governed in all respects by the laws of the State of Maryland

    (b)    It is understood and agreed by the parties hereto that if any part, term, or provision of this Agreement is held by the courts to be illegal or in conflict with any law of the state or county where made, the validity of the remaining portions or provisions shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if this Agreement did not contain the particular part, term, or provision held to be invalid.

    IN WITNESS WHEREOF, GEIER and LAWFIRM have signed this Agreement in duplicate this _18_ day of _Sept_, 2003.

WITNESS OR ATTEST:

_Kathleen Bailey_    _Member NVICP PSC_

    By: _Exec. Committe_
    Title:

    _Dr. Mark R. Geier_
    Dr. Mark R. Geier

Oct 08 04 01:31p                                                    p.2

Expert Consulting Agreement
Between Petitioners' Steering Committee and Mark and David Geier

The Petitioners' Steering Committee appointed by the Special Master in charge of the Omnibus Autism proceedings in the NVICP is pleased to retain Dr. Mark Geier and David Geier as consultants and potentially as testifying experts on issues pertaining to any association between vaccines or vaccine components and autism spectrum disorders or other neurodevelopmental disorders. There are several special provisions to this agreement.

1. Expert fees deferred. The Geiers understand and agree that they will not be paid for their time on this project until the Vaccine Court has approved their fees, which may not be for two or more years. They are not working on a contingency fee basis, but on a deferred fee basis. The PSC will support them in their fee petition and will help to get the Geiers paid fairly and fully at the appropriate time.

2. Out of pocket expenses to be reimbursed on a rolling basis. The PSC will reimburse all out of pocket expenses the Geiers incur for travel, copying, phone, database access, and the like. The Geiers are to get written approval in advance for any trips outside of Maryland or the District of Columbia. In particular, the PSC agrees to pay on a going basis all charges for access to the VSD data facility. At this time, the PSC agrees to pay for access for up to twenty days of time at the data facility. If more than twenty days appears to be required, we can discuss that later.

3. The Geiers will be working with Dr. Robert Hirsch, also retained by the PSC for this project, to analyze data from the VSD and other sources looking for any associations of ndd's with vaccines or thimerosal.

4. Invoices to be submitted regularly. The Geiers will submit monthly or quarterly (their choice) statements of their time and expenses on this project to Michael Williams, co chair of the PSC.

5. All communications between the Geiers and the PSC are confidential work product of all the parties to this agreement and of the petitioners, and shall not be disclosed to third parties absent a court order or written consent from the PSC. However, the Geiers are free to design their own analyses and to publish anything they find, without restriction.

6. If called upon to testify at deposition or hearings, or if called upon to submit a written report to the court, the Geiers will make themselves reasonably available for such purposes.

Signed this  8th  day of October 2004 by Michael I. Williams, on behalf of the Petitioners' Steering Committee.

Signed this  7th  day of October, 2004, by Mark and David Geier

Mark R. Geier, M.D.                                    David A. Geier

EXHIBIT

2



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Dr MARK R. GEIER et al
    Vs.                               C.A. No.       2012 CA 004970 B
LOMMEN, ABDO, COLE, KING & STAGBERG, P.A. et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge CRAIG ISCOE
Date:  June 12, 2012
Initial Conference: 9:30 am, Friday, September 14, 2012
Location:  Courtroom 200
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

RECEIVED JUN 1 8 2012

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Mark Geier & David Geier*
_____ Plaintiff**s**

vs.

*Conway, Homer & Chin-Caplan*
*16 Shawmut St., Boston MA*
_____ Defendant

Case Number _____0004970-12_____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*James R. Klimaski*
_____
Name of Plaintiff's Attorney

*1625 Mass. Ave. NW - #500*
_____
Address

*Washington DC 20036*
_____

*202-296-5600*
_____
Telephone

*Clerk of the Court*

By *adrienne J. marsh*
_____
Deputy Clerk

Date *6/12/2012*
_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የትርጉም እርዳታ ከፈለጉ በ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Mark Geier & David Geier_
Plaintiff <u>S</u>

vs.

_John H. Kim & Assoc. PC_
_4309 Yoakum Blvd. #2000, Houston TX_
Defendant

Case Number _____

0004970-12

### SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_James R. Klimaski_
<u>Name of Plaintiff's Attorney</u>

_1625 Mass. Ave. NW - #500_
<u>Address</u>
_Washington DC 20036_

_202-296-5600_
<u>Telephone</u>

_Clerk of the Court_

By ___Adrienne J. marsh___
Deputy Clerk

Date ___6|12|2012___

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

  If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation<br>Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Mark Geier + David Geier*
_____
Plaintiff**s**

vs.                                    Case Number  000497

*Lommen, Abdo, Cole, King + Stageberg, P.A.*
*80 So. 8th St, Minneapolis, MN 55402*
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*James R. Klimaski*                                *Clerk of the Court*
_____
Name of Plaintiff's Attorney

*1625 Mass. Ave. NW, #500*          By   *Adrienne J. marsh*
_____        _____
Address                                       Deputy Clerk
*Washington DC 20036*

*202-296-5600*                        Date   *6|12|2012*
_____        _____
Telephone

如需翻译,请打电话(202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ.

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                        CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Mark Geier & David Geier
_____
Plaintiff**s**

vs.

Williams, Kherkher, Hart & Boundas
8441 Gulf Fwy #600, Houston TX
_____
Defendant

Case Number    0004970-12
_____

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James R. Klimaski
_____
Name of Plaintiff's Attorney

1625 Mass. Ave. NW - #500
_____
Address

Washington DC 20036
_____

202-296-5600
_____
Telephone

_Clerk of the Court_

By    Adrienne J. Marsh
_____
Deputy Clerk

Date    6/12/2012
_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español!

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| **DR. MARK R. GEIER, et al.,** | Case No.: 2012 CA 004970 B |
| **Plaintiffs,** | Hon. Judge Craig Iscoe |
| **v.** | Next Event: Initial Scheduling |
| **CONWAY, HOMER & CHIN-CAPLAN, et al.** | Conference, 09/14/12 |
| **Defendants.** |  |

## PRAECIPE

Plaintiffs Mark R. Geier and David A. Geier, together with Defendants Lommen, Abdo, Cole, King & Stagberg, P.A., John H. Kim & Associates, P.C., Conway, Homer, & Chin-Caplan and Williams Kherkher Hart Boundas, LLP ("Defendants"), by and through their undersigned counsel and pursuant to Rule 55(a)(2) of the Superior Court Rules of Civil Procedure, have agreed to enlarge by fourteen (14) days, until July 23, 2012 the time for Defendants to Answer or otherwise respond to the Complaint.

The filing of this Praecipe is not intended to operate as a consent to personal jurisdiction, a waiver any defenses available to Defendants or a waiver of any Defendant's right to remove this action.

Respectfully submitted:

_/s/_____

Dennis J. Quinn (Bar No. 455793)
Alexander M. Gormley (Bar No. 1001164)
*Carr Maloney P.C.*
2000 L Street, N.W., Suite 450
Washington, D.C. 20036
(202) 310-5500
(202) 310-5555 (fax)
DJQ@carrmaloney.com
AMG@carrmaloney.com
*Counsel for Defendant Lommen, Abdo, Cole,*
*King & Stagberg, P.A.*

_/s/_____

Pamela A. Bresnahan (Bar No. 366735)
Nicholas B. Reuhs (Bar No. 500005)
Vorys, Sater, Seymour and Pease LLP
1909 K Street, N.W., 9th Floor
Washington, D.C. 20006-1152
(202) 467-8800
(202) 533-9069 (fax)
pabresnahan@vorys.com
nbreuhs@vorys.com
*Counsel for Defendant*
*John H. Kim and Associates, P.C.*


_/s/_____

Robert W. Hesselbacher, Jr. (Bar No.414412)
Wright, Constable & Skeen, LLP
100 North Charles Street
16th Floor
Baltimore, MD 21201
(410) 659-1317
(410) 659-1350 (fax)
rhesselbacher@wcslaw.com
*Counsel for Defendant Williams, Kherker, Hart*
*and Boundas*

_/s/_____

Mark A. Schofield (Bar No. 491659)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW, 8th Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (fax)
mschofield@bonnerkiernan.com
*Counsel for Defendant Conway, Homer &*
*Chin-Caplan*


_/s/_____

James R. Klimaski (Bar No. 243543)
Klimaski and Associates, PC
1625 Massachusetts Ave. NW, Suite 500
Washington, DC 20036
(202) 296-5600
(202) 296-5601 (fax)
Klimaski@Klimaskilaw.com
*Counsel for Plaintiffs*

2