# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. MARK R. GEIER, *et al.*,         *

          Plaintiffs,         *

v.             Case No. 1:12-cv-01171 (RMC)

          *

CONWAY, HOMER & CHIN-CAPLAN,
P.C., *et al.*,         *

          Defendants.         *

## DECLARATION OF DAVID GEIER IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTIONS TO DISMISS

STATE OF FLORIDA        )
                                  ) ss.
COUNTY OF PALM BEACH  )

      I, David Geier, residing at 1800 S.E. Ranch Road, Jupiter, Florida 33478, being of lawful age and of sound mind, state that I have personal knowledge regarding the matters asserted in this declaration, and under penalty of perjury state that:

      1.    On or about October 8, 2004, I and my father, Dr. Mark Geier, were asked to allow the PSC to defer payment of our fees until after a hearing could be held on the PSC's interim fee application. We acquiesced in this request and signed a written amendment to the 2003 agreement entitled "Expert Consulting Agreement" (hereinafter "2004 Amendment"). [Expert Consulting Agreement, Plaintiffs' Exhibit 2 to Plaintiffs' Complaint, incorporated herein] Based upon information and belief, the 2004 Amendment was drafted by POWERS on behalf of the PSC and submitted to us for approval and execution. At the time that we signed the 2004 Amendment, WILLIAMS and POWERS, acting on behalf of the PSC, represented to us that, going forward, the PSC could not afford to pay us on a monthly basis. Defendants WILLIAMS and POWERS, acting on behalf of the PSC, assured us that payment under the 2003

Consulting Agreement and the 2004 Amendment thereto would be deferred only until such time as the Vaccine Court decided the fee application that would be later submitted to the Vaccine Court by the PSC. The 2004 Amendment provided in pertinent part:

> Expert fees deferred. The Geiers understand and agree that they will not be paid for their time on this project until the Vaccine Court has approved their fees, which may not be for two or more years. They are not working on a contingency basis, but on a deferred fee basis. "[t]he PSC will support them in their fee petition and will help to get the Geiers paid fairly and fully at the appropriate time.

The 2004 Amendment was signed by WILLIAMS on behalf of the PSC. [*See* Plaintiffs' Exhibit 2]

2.  Dr. Geier and I submitted invoices for services rendered under the 2004 Amendment on an ongoing and timely basis while continuing to provide consulting services to the PSC. The invoices were to be paid when the Vaccine Court ruled on the interim fee application that requested reimbursement for our fees, but none of those invoices have been paid to date. True and correct copies of those invoices were attached as Exhibit 4 to Plaintiffs' Third Amended Complaint and are incorporated herein.

3.  The combined outstanding balance owed under the 2003 Consulting Agreement and the 2004 Amendment is approximately Six Hundred Thousand Dollars ($600,000.00). Despite Plaintiffs' demand for payment, the PSC refused to pay Dr. Geier and I as agreed.

4.  On or about November 4, 2008, Defendants WILLIAMS and POWERS acting on behalf of the PSC, prepared an interim fee application and sought to recover funds from the Vaccine Court based on the invoices submitted by myself and Dr. Geier. Neither the Petitioners in the Vaccine Litigation (the King Family) nor the Defendants in this case had paid any of our invoices (except for 2003 invoices previously paid which are not a part of this litigation). The vast majority of the invoices submitted to the Vaccine Court for reimbursement were unpaid. At

the time the November 4, 2008 application was filed, Dr. Geier and I believed that, under the 2003 contract and the 2004 amendment, the payment of our invoices was owed by the PSC, and that the payment of their invoices was not contingent on any award of reimbursement that might be entered by the Vaccine Court in response to a fee application.

     5.     In September 2009, WILLIAMS and POWERS on behalf of the PSC advised Dr. Geier and I for the first time of their view that, under the contract, our exclusive recourse for the recovery of our fees was an award from the Vaccine Court. Dr. Geier and I did not agree with this interpretation, but rather than prematurely file suit against the PSC and its constituent law firms for the recovery of their fees, we decided to wait for the outcome of the fee application and to acquiesce in Defendants' legal representation of us as our counsel with regard to the recovery of these fees.

     6.     WILLIAMS and POWERS and the PSC did not provide Dr. Geier and I with full disclosure of any conflict of interest in representing us as our attorneys for purposes of the fee request and did not obtain our written permission to proceed with the representation of us in spite of those conflicts in the recovery of their fees and costs from the Vaccine Court. We did however acquiesce in WILLIAMS and POWERS representing Dr. Geier and I in attempting to recover our fees from the Vaccine Court.

     7.     During the process of representing us for purposes of recovering our fees, WILLIAMS and POWERS and WILLIAMS LOVE on behalf of the PSC filed inadequate briefs and pleadings with the Vaccine Court related to our fee requests, and frequently ignored requests from us to provide information to us concerning the proceedings and the fee application. WILLIAMS and POWERS on behalf of the PSC further ignored repeated requests that the fee application and other documents filed on behalf of us be approved by myself and Dr. Geier.

WILLIAMS and POWERS, acting on behalf of WILLIAMS LOVE and the PSC, failed to adequately address, or in some cases address at all, a number of important objections lodged in opposition to our fee application by the Respondent in the Omnibus Autism proceedings.

       8.      Dr. Geier and I were counseled by Defendants WILLIAMS and POWERS on behalf of the PSC concerning the invoices entries that would be submitted and those that would not be. In a July 2009 email, WILLIAMS and POWERS on behalf of the PSC informed us that they "have undertaken a vigorous defense of [the Geiers'] work…." They explained the arguments made on behalf of Dr. Geier and I in response to the DOJ's objections and provided their "legal judgment" on the arguments to make to the Vaccine Court. Dr. Geier and I relied on Williams and Powers and the PSC to provide legal counsel with regard to the fee request. [7/16/09 Letter from Powers to the Geiers, Exhibit X to Plaintiffs' Opposition to the Defendants' Motion to Dismiss, and incorporated herein] WILLIAMS and POWERS further stated that "[n]otwithstanding these critiques of your work product and the previously identified problems with some of the rejected invoices, we continue to defend your entitlement to the fees submitted on your behalf in the interim fee petition. We will supplement our defense of your fees with the materials described above, and will keep you advised of progress on the resolution of your fee claim…" *Id.* Almost one year later, POWERS on behalf of the PSC again acknowledged his attorney-client relationship with us when he threatened to withdraw as our attorney. POWERS'S email states, "[b]eyond that, it appears that we no longer have a relationship based on trust or respect and we therefore are not the best lawyers to pursue your claimed fees and costs beyond the supplemental filing we plan to submit very soon….You may want to avail yourselves of that option going forward—either submitting additional material pro se, or retaining another attorney

to submit them for you...." [5/25/10 email from Powers to the Geiers, Exhibit Y to Plaintiffs' Opposition to the Defendants' Motion to Dismiss, and incorporated herein]

9. As a result of the abject representation proffered by WILLIAMS and POWERS and WILLIAMS LOVE on behalf of the PSC, the bulk of my and Dr. Geier's requested fees and costs were denied by the Vaccine Court, even though the Special Master awarded more than $1,000,000 for other costs to the PSC DEFENDANTS, in addition to the majority of WILLIAMS LOVE'S requested attorneys' fees.

10. Defendants WILLIAMS and POWERS, and WILLIAMS LOVE, on behalf of the PSC, refused to appeal the Vaccine Court's Order, despite an express request by Dr. Geier and I to do so, effectively ending our ability to recover their fees and costs. In the course of refusing to file the requested appeal, POWERS deferred to the wishes of his "real" clients, the King Family, who purportedly instructed him not to file an appeal, and he therefore refused to file the appeal on behalf of Dr. Geier and myself.

11. The PSC, through WILLIAMS and POWERS, also refused to file a supplemental fee request with the Vaccine Court on behalf of Dr. Geier and myself, which would have enabled us to recover those costs and fees incurred after the Interim Fee Petition was filed in 2008. This refusal resulted in the forfeiture of payment for all costs incurred and work performed by Dr. Geier and myself on behalf of the PSC after July 21, 2008.

12. WILLIAMS, POWERS, and WILLIAMS LOVE on behalf of the PSC also refused to file a supplemental fee request with the Vaccine Court on behalf of Dr. Geier and myself, which would have enabled us to recover those costs and fees incurred after the Interim Fee Petition was filed in 2008. This refusal resulted in the forfeiture of payment for all costs incurred and work performed by Dr. Geier and myself on behalf of the PSC after July 21, 2008.

13. Neither WILLIAMS nor POWERS nor any member of the PSC disclosed to Dr. Geier or myself the fact that the PSC was not a legally cognizable organization.

14. WILLIAMS' fraudulent representations and inducements about the intent of the Defendants to pay our fees, caused Dr. Geier and myself to perform hundreds of hours of consulting services with no realistic or feasible means of recovering our fees. Specifically, I recall WILLIAMS on behalf of the PSC assuring Dr. Geier and myself that we would get paid for work done pursuant to the 2004 Amendment by the PSC, that we were only deferring payment, and that payment did not depend on any contingency. Dr. Geier and I relied on these representations by WILLIAMS when agreeing to sign the 2004 Amendment and when performing work under the contract.

15. None of the Defendants in this case ever represented to me that they were not part of the PSC or were not members of the PSC. I, at all relevant times, understood that each of the Defendants in this case were members of an entity called the PSC that was working together for a common purpose of litigating test cases in the District of Columbia.

16. I understood that I would need to travel to the District of Columbia to perform certain parts of the Agreements with the PSC. In fact, pursuant to the contract, I specifically did not need to seek approval for trips taken to the District of Columbia because they were mutually assumed to be frequently necessary.

I declare under penalty of perjury under the laws of the laws of the United States of America that the foregoing is true and correct and that this affidavit was executed in Jupiter, Florida.



DAVID GEIER